UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT KARLIK,

        Plaintiff,

                                      Case No. 12-cv-14879
                                      Honorable Gershwin A. Drain

v.

CAROLYN W. COLVIN,
Acting Commissioner Social
Security Administration,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO BAR PLAINTIFF FROM INTRODUCING ANY MEDICAL-BASED DAMAGES EVIDENCE AT TRIAL [#40], GRANTING PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE ARBITRATION, EEOC AND MSPB DETERMINATIONS [#46], DENYING DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF CATHERINE DAVIDS [#48], DENYING DEFENDANT'S MOTION TO ADMIT EXHIBIT P [#55] AND GRANTING PLAINTIFF'S MOTION TO EXCLUDE EXHIBIT P [#57]**

**I.     INTRODUCTION**

Plaintiff filed the instant action claiming he was unlawfully terminated from his position as a Claims Representative Journeyman based on his disabilities of dyslexia and Attention Deficit Hyperactivity Disorder (ADHD) in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.* Trial in this matter is scheduled to commence on May 27, 2014. Presently before the Court are various pre-trial motions recently filed by the parties.[1] Upon review of the parties' submissions, the

---

[1] In her response, Defendant indicates that she has no objection to Plaintiff's Motion *in Limine* to Exclude Arbitration, EEOC and MSPB determinations. *See* Dkt. No. 56. Accordingly, the Court will grant Plaintiff's Motion *in Limine* to Exclude Arbitration, EEOC and MSPB determinations.

-1-

Court concludes that oral argument will not aid in the resolution of these matters. Therefore, the parties' motions will be resolved on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

## II.    LAW & ANALYSIS

Rules 401 and 402 of the Federal Rules of Evidence permit the admission of only relevant evidence. Evidence that is irrelevant is inadmissible. *See* Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make the existence of a material fact more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. Rule 403 permits the exclusion of relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403. "Exclusion under Rule 403 is appropriate only where the probative value of relevant evidence is substantially outweighed by the danger of unfair prejudice." *Humana, Inc. v. Shook*, No. 85-5478, 1986 U.S. App. LEXIS 27825, *6 (6th Cir. Jun. 3, 1986). Additionally, "the evidence must be more than damaging or simply adverse to the opposing party; it must be unfairly prejudicial." *Id*.

### A.    Defendant's Motion to Bar Plaintiff from Introducing Any Medical-Based Damages Evidence

In this motion, Defendant seeks to bar Plaintiff from introducing any medical-based damages evidence at trial because Plaintiff has failed to execute a medical release despite Defendant's repeated requests for same. More importantly however is the fact that Plaintiff was ordered to sign medical releases by Magistrate Judge Grand on April 1, 2014, but has yet to comply with Magistrate Judge Grand's order. *See* Dkt. No. 39.

Federal Rule of Civil Procedure 37(b)(2) permits the Court to enter sanctions for a party's failure to comply with a discovery order. *See* Fed. R. Civ. P. 37(b)(2). Specifically, the rule

states in pertinent part:

> (2) ***Sanctions Sought in the District Where the Action is Pending***.
>   (A) *For Not Obeying a Discovery Order*. If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
>
>   \*               \*               \*
>
>   (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence[.]

Fed. R. Civ. P. 37(b)(2)(A)(ii). In response to Defendant's present motion, Plaintiff offers no justification for his refusal to comply with this Court's April 1, 2014 Order. It is of no consequence that Plaintiff has provided some medical documents to the Defendant. Plaintiff was ordered to provide medical releases to Defendant's counsel, and with less than a week before the commencement of trial, Defendant will be severely prejudiced if Plaintiff were permitted to testify about medical-based damages without having any opportunity to review Plaintiff's medical records or depose the medical professionals identified by Plaintiff during discovery. Accordingly, the Court will grant Defendant's Motion to Exclude Medical-Based Damages Evidence at Trial.

      **B.**      **Defendant's Motion *in Limine* to Exclude Testimony of Catherine Davids**

Here, Defendant argues that the Court should exclude the testimony of Catherine Davids pursuant to Rules 401, 402 and 403. Davids is a Claims Representative for the Administration. She works out of an office located in Flint, Michigan. Like the Plaintiff, she suffers from dyslexia and ADHD, however the Administration eliminated multiple tasks that are part of a Claims Representative's duties to accommodate Davids's disabilities. Specifically, Davids testified that she has:

> [N]ever done a couple's claim. I have never done overpayment. I have never done windfall offset. Those are three major ones. But there's also a few others that I

> cannot just think of off the top of my head which are in my job description that I have not yet ever been able to do. So I do not meet the expectations of my particular job.

*See* Dkt. 48-2 at 17. The Administration has argued during summary judgment briefing, as well as intends to argue during trial that restructuring Plaintiff's Claims Representative position was too burdensome and would eliminate essential functions of the position. As such, Davids's anticipated testimony is directly relevant to Defendant's claim that the accommodations sought by Plaintiff were unreasonable. While Plaintiff and Davids did not work out of the same office, Davids's testimony will assist the jurors in determining whether Plaintiff's position can be restructured to remove certain duties without changing the essential functions of the position.

Moreover, the fact that this testimony will undermine Defendant's defense does not amount to unfair prejudice under Rule 403. *See Humana*, 1986 U.S. App. LEXIS 27825, at *6. "Exclusion under Rule 403 is appropriate only where the probative value of relevant evidence is substantially outweighed by the danger of unfair prejudice. Additionally, "the evidence must be more than damaging or simply adverse to the opposing party; it must be unfairly prejudicial." *Id*.

Lastly, Kathryn Young's testimony will not cover the same topics as Davids's anticipated testimony. As such, the Court will deny Defendant's Motion *in Limine* to Exclude Davids's testimony. The parties shall be given one (1) hour per side to question Davids at trial.

**C.   Exhibit P**

Both parties have filed motions concerning Defendant's proposed Exhibit P, which consists of six (6) out of one hundred and seventy-five (175) case reviews used during the audit undertaken during Plaintiff's performance improvement plan in 2007. Plaintiff seeks to exclude Exhibit P as untimely, or in the alternative, pursuant to Rule 901 (a) because the case files are unauthentic.

Here, Plaintiff is correct that the late production of Exhibit P is severely prejudicial and requires that this Court preclude this evidence at trial. The Federal Rules of Civil Procedure require the disclosure of all documents and tangible things within the control of the disclosing party that it may use to support its defenses. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii). However, Defendant did not provide the requisite information when the parties exchanged initial disclosures over a year ago. Nor did Defendant produce this evidence prior to the close of discovery. Instead, Defendant just recently produced the case file reviews, on May 9, 2014, which is less than a month before the start of the trial. Similar to the prejudice suffered by Defendant with respect to Plaintiff's untimely medical-based evidence, Plaintiff cannot adequately prepare for trial with such an untimely production.

Moreover, Plaintiff should have been privy to the contents of all one hundred and seventy-five (175) audited case file reviews if the Administration relied upon any of these case reviews during the pre-termination process. *Stone v. Fed. Deposit Ins. Corp.*, 179 F.3d 1368, 1376 (Fed. Cir. 1999)("The introduction of new and material information by means of *ex parte* communications to the deciding official undermines the [] employee's constitutional due process guarantee of notice (both of the charges and of the employer's evidence) and the opportunity to respond."). The Court cannot accept Defendant's contention that Plaintiff was given copies of the one hundred and seventy-five (175) case reviews along with Jill Behrens's proposal for termination. *See* Dkt. No. 57-4. Defendant mischaracterizes the content of Behrens's proposal, which states in relevant part:

> during the OPS you were provided with a wide range of assistance which included . . . written feedback on cases[.] Enclosure 11 is the written feedback forms you received of your work during the OPS.

*Id.* There is no discussion of the audit. Rather, it appears that in addition to the audited case reviews, the Administration also prepared written feedback on some of Plaintiff's cases during his performance improvement plan; the latter representing the information provided to Plaintiff in 2008 and not the one hundred and seventy-five (175) audited case reviews.

Lastly, the Court declines to allow Defendant to pick and choose a purported representative sample of the audited case file reviews without Plaintiff having any opportunity to review all one hundred and seventy-five (175) case reviews in sufficient time to adequately prepare for trial. Accordingly, the Court will grant Plaintiff's Motion to Exclude Exhibit P and deny Defendant's Motion to Admit Exhibit P.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Bar Plaintiff from Introducing Any Medical-Based Damages Evidence [#40] is GRANTED.

Plaintiff's Motion *in Limine* to Exclude Arbitration, EEOC and MSPB Determinations [#46] is GRANTED.

Defendant's Motion *in Limine* to Exclude Testimony of Catherine Davids [#48] is DENIED. The parties shall have one (1) hour per side to question Davids at trial.

Defendant's Motion to Admit Exhibit P [#55] is DENIED.

Plaintiff's Motion to Exclude Exhibit P [#57] is GRANTED.

SO ORDERED.

Dated: May 20, 2014                          /s/Gershwin A Drain
                                             GERSHWIN A. DRAIN
                                             UNITED STATES DISTRICT JUDGE